IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, *a limited liability company of the State of Delaware*,<br><br>          Plaintiff,<br><br>     v.<br><br>1.092 Acres Of Land In The Township of Woolwich, Gloucester County, New Jersey; THOMAS A. SORBELLO, GRACE WHEELER, RUSSELL CATALANO, JR., AGNES MUSUMECI, AND FRANK M.SORBELLO, fee owners as tenants in common; THE STATE OF NEW JERSEY, by the SECRETARY OF THE DEPARTMENT OF; AGRICULTURE (State Agriculture 1 Development Committee); FARM CREDIT EAST, ACA f/k/a FIRST PIONEER FARM CREDIT ACA mortgagee,<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action Nos.<br>15-208, 15-211, 15-213, 15-216, 15-218 (JBS/KMW)<br><br>**OPINION** |

[Caption Continues]

COLUMBIA GAS TRANSMISSION, LLC, *a limited liability company of the State of Delaware*,

          Plaintiff,

  v.

0.719 Acres Of Land In The Borough of Swedesboro, Gloucester County, New Jersey; LAKE PARK CEMETERY COMPANY, INC., fee owner; THE STATE OF NEW JERSEY, BY THE SECRETARY OF THE DEPARTMENT OF AGRICULTURE (State Agriculture Development Committee),

          Defendants.

---

COLUMBIA GAS TRANSMISSION, LLC, *a limited liability company of the State of Delaware*,

          Plaintiff,

  v.

0.091 ACRES OF LAND IN THE TOWNSHIP OF LOGAN, GLOUCESTER COUNTY, NEW JERSEY and KVA GROUP, LLC, *FEE OWNER*,

          Defendants.

                  [Caption Continues]

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, *a limited liability company of the State of Delaware*, | |
| Plaintiff, | |
| v. | |
| 7.076 ACRES OF LAND IN THE TOWNSHIP OF LOGAN, GLOUCESTER COUNTY, NEW JERSEY, DP PARTNERS LOGAN LAND COMPANY, LLC, *fee owner*, THE STATE OF NEW JERSEY BY THE COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, and BANK OF AMERICA, N.A., *mortgagee*, | |
| Defendants. | |
| COLUMBIA GAS TRANSMISSION, LLC, *a limited liability company of the State of Delaware*, | |
| Plaintiff, | |
| v. | |
| 3.297 ACRES OF LAND IN THE TOWNSHIP OF LOGAN, GLOUCESTER COUNTY, NEW JERSEY, DP PARTNERS LOGAN LAND COMPANY, LLC, fee owner, THE STATE OF NEW JERSEY BY THE COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION, and WELLS FARGO BANK, N.A., *mortgagee*, | |
| Defendants. | |

**SIMANDLE, Chief Judge:**

## I. INTRODUCTION

In these five condemnation actions, Plaintiff seeks to acquire a right-of-way (permanent easement), along with a temporary construction easement, for the construction of an interstate natural gas pipeline across Defendants' property.[1]

Plaintiff now moves for injunctive relief under the eminent domain authority of the Natural Gas Act, 15 U.S.C. § 717f (hereinafter, the "Gas Act"), and Federal Rule of Civil Procedure 65. [Docket Item 1 in all actions.]  Plaintiff specifically seeks Orders establishing Plaintiff's right to condemn the easements across the Defendants' properties, and allowing Plaintiff to take immediate possession of such easements, prior to a final decision concerning the amount and payment of compensation to the Defendants as condemnees.

The principal issues before the Court are whether the FERC certificate grants Plaintiff a substantive right to condemn Defendants' properties, and, if so, whether the Court should grant Plaintiff equitable, intermediate relief in the form of immediate possession of Defendants' properties.

---

[1] A sixth related condemnation action, Columbia Gas Transmission, LLC v. 2.510 Acres of Land in the Borough of Swedesboro, Civil Action No. 15-212 (JBS/KMW), awaits service of process and is not before the Court for injunctive relief until February 6, 2015.

4

For the reasons that follow, the Court will grant Plaintiff's motions for preliminary injunction, and will issue Orders for Condemnation in each action.

**II. BACKGROUND**

A. **Factual and Procedural Background[2]**

On November 13, 2013, Plaintiff, a natural gas company that owns and operates an interstate network of gas transmissions lines, applied to the Federal Energy Regulatory Commission (hereinafter, "FERC") for a certificate of public convenience and necessity in order to construct "two new pipeline segments totaling approximately 19.1 miles," including a 9.6 mile segment of pipeline through the Townships of Logan and Woolwich in Gloucester County, New Jersey.[3]  (Compl. at ¶¶ 1-9.)  The proposed pipeline specifically endeavors to provide "312,000 [additional] dekatherms per day (Dth/d) of firm natural gas transportation service to the growing mid-Atlantic markets," including New Jersey, in order to meet current and future demand for natural gas, to "access to new sources of domestic natural gas supply," and to "support the overall reliability of the energy infrastructure."  (Id.)

---

[2] The Court accepts Plaintiff's well-pled allegations as true for the purposes of the pending motion.
[3] Plaintiff filed the Verified Complaint in these actions, together with the pending motions, on January 12, 2015.  The Court exercises subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 717f(h).

Such proposed construction, however, requires Plaintiff to acquire two sets of permanent and temporary easements, depending upon the location of the affected property on the path of the proposed pipeline. (Id. at ¶¶ 9-10, 17.) Specifically, in areas that run parallel to Plaintiff's existing facilities, Plaintiff seeks to expand its current permanent right-of-way and easement by an additional 25 feet. (Id.) In areas where Plaintiff cannot "co-locate new facilities with its existing facilities," however, Plaintiff seeks a permanent "right-of-way and easement 50 feet in width." (Id.) In addition, Plaintiff seeks a temporary workspace easement abutting its expanded and/or new easements, in order to facilitate construction.[4] (See, e.g., Compl. [Docket Item 1 in 15-208], ¶ 17.)

On August 29, 2014, FERC issued an Environmental Assessment for the proposed pipeline, in which FERC concluded that the proposed pipeline would not result in any significant environmental impacts. (Id. at ¶ 12.) Thereafter, FERC issued a Certificate authorizing Plaintiff to construct the proposed pipeline in its entirety on December 18, 2014. (See Luis Dec., Ex. A.) In so approving, FERC specifically found Plaintiff's proposed project required for "the public convenience and

---

[4] Such temporary easements, however, "will expire at the conclusion of construction and [will] revert back to the landowners." (See, e.g., Compl. [Docket Item 1 in 15-208], ¶ 17.)

6

necessity," in light of the fact that it will "provided needed transportation infrastructure," and based upon the "minimal adverse impacts on [Plaintiff's] existing customers, other pipelines and their captive customers, [] landowners and surrounding communities." (Id.)  Moreover, in finding the requisite public need, FERC noted the binding shipping agreements between Plaintiff and Cabot Oil & Gas Corporation, New Jersey Natural Gas Company, South Western Energy Services Company, South Jersey Gas Company, and South Jersey Resources Group, LLC.  (Id.)  Such agreements, however, all hinged upon an in-service date for the new pipeline of September 1, 2015, and FERC directed that construction be completed accordingly.  (See Compl. at ¶ 13; see also Luis Dec., Ex. A.)

In advance of FERC approval, Plaintiff has, since 2012, sought to identify the individual properties impacted by its proposed construction, and has engaged in ongoing negotiations in order to purchase the necessary easements.  (Compl. at ¶ 14.) Despite these efforts, Plaintiff has been unable to reach negotiated agreements with the 6 parcels of land involved in the pending actions. (Id. at ¶ 15.)  Plaintiff therefore seeks to exercise eminent domain pursuant to the Gas Act, in order to acquire the remaining rights-of-way and easements.  (Id. at ¶ 18-19.)

7

However, in light of certain environmental constraints on the timing of Plaintiff's construction, coupled with the September 1, 2015 in-service date established by the shipping contracts, Plaintiff seeks to exercise such rights immediately, and on an expedited basis, in order to begin actual pipeline construction on or about February 1, 2015, (Pl.'s Br. at 6-13), and the Court set this hearing on an expedited basis pursuant to Orders to Show Cause entered herein on January 13, 2015.  The hearing was convened on January 28, 2015.[5]

## III. Discussion

Because the pending motions largely turn an evaluation of the Gas Act, in Part III.A, the Court will briefly introduce the relevant statutory framework.  The Court will then address, in Part III.B, whether Plaintiff has established its entitlement to eminent domain over the Defendants' properties.  Finally, in Part III.C, the Court will evaluate whether the circumstances of this action satisfy the conditions for granting equitable (in

---

[5] No one appeared in opposition to the injunctive relief sought. Attorney Joan S. Adams entered an appearance for defendants in Civil Nos. 15-208 and 15-211, while attorney James Graziano has entered an appearance in Civil Nos. 15-216 and 15-218.  No attorney has appeared in Civil No. 15-213, but a letter from party KVA Group [Docket Item 5] was received indicating no objection to the injunctive relief and suggesting a higher compensation amount.  If KVA Group intends to appear in this matter, it must do so through an attorney who is a member of this Court's bar in accordance with 28 U.S.C. § 1654.

this case, injunctive) relief, in the form of immediate possession of, and entry upon, the condemned easements.

### A. Natural Gas Act, 15 U.S.C. §§ 717, et seq.

"Anyone who wishes to construct a natural gas pipeline in the United States must first obtain a certificate of public convenience and necessity from the Federal Energy Regulatory Commission (["FERC"]), the federal agency responsible for supervising and coordinating the production of energy in the United States."  Alliance Pipeline L.P. v. 4.360 Acres of Land, More or Less, in S/2 of Section 29, Twp. 163 N., Range 85 W., Renville Cnty., N.D., 746 F.3d 362, 364 (8th Cir. 2014) (citing 15 U.S.C. §§ 717f(c)-(e)).  A certificate of public convenience and necessity, in turn, "gives it holder the ability to obtain automatically the necessary right of way through eminent domain." Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp., York Cnty., Pa., 768 F.3d 300, 304 (3d Cir. 2014).

Moreover, in the event the recipient requires easements to construct its pipeline, but cannot acquire such rights through private contract, the Gas Act, 15 U.S.C. §§ 717f(h), enables the recipient to obtain the necessary easements through "the exercise of the right of eminent domain in the district court of

the United States for the district in which such property may be located, or in the State courts." 15 U.S.C. § 717f(h).[6]

A district court's role in such proceedings, however, "'is circumscribed by statute.'" Columbia Gas Transmission, LLC v. 76 Acres More or Less, No. ELH-14-0110, 2014 WL 2960836, at *3 (D. Md. June 27, 2014) (quoting Millennium Pipeline Co., L.L.C. v. Certain Permanent & Temp. Easements, 777 F. Supp. 2d 475, 481 (W.D.N.Y. 2011), aff'd, 552 F. App'x 37 (2d Cir. 2014)). Indeed, the Gas Act only empowers federal district courts to evaluate the scope of the certificate[7] and to order condemnation of property (and compensation for same) as provided in the FERC certificate.[8] USG Pipeline Co. v. 1.74 Acres in Marion Cnty.,

---

[6] The Natural Gas Act specifically provides:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas ... it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).
[7] Disputes over the reasons and procedures for issuing certificates of public convenience and necessity must, by contrast, be brought before FERC. 15 U.S.C. § 717r(a)
[8] The Gas Act also requires that a federal condemnation proceeding "conform as nearly as may be with the practice and procedure in the courts of the State where[in] the property is situated." Id. at § 717f(h). Federal Rule of Civil Procedure 71.1, however, supersedes the language in section 717f(h) to the

Tenn., 1 F. Supp. 2d 816, 821 (E.D. Tenn. 1998). Mindful of this standard, the Court turns to whether Plaintiff has demonstrated an entitlement to condemn the requested easements.

### B. Plaintiff has demonstrated an Established Right to Condemn Defendants' Properties

The Gas Act, "like most statutes giving condemnation authority to government officials or private concerns, contains no provision for quick-take or immediate possession." E. Tenn. Nat. Gas Co. v. Sage, 361 F.3d 808, 822 (4th Cir. 2004). Rather, the Act simply provides that any holder of a certificate of public convenience and necessity may acquire property "by the exercise of eminent domain in the district court." 15 U.S.C. § 717f(h). However, if the recipient establishes: (1) that it is a holder of a FERC certificate of public convenience and necessity; (2) that the property to be condemned is necessary for the construction, operation, and maintenance of the pipelines at issue; and (3) that it has been unable to acquire the necessary property interest from the owner, see 15 U.S.C. § 717f(h), a federal district court may, under its equitable powers, enter an order of condemnation concerning the subject

---

extent it requires conformity with the state court "'practice and procedure'" concerning condemnation. Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres, More or Less, in Monroe Twp., Nos. 08-168, 08-179, 08-169, 08-180, 08-177, 2008 WL 4346405, at *13 (W.D. Pa. Sept. 19, 2008) (citing E. Tenn. Nat. Gas Co. v. Sage, 361 F.3d 808 (4th Cir. 2004)).

properties. <u>Sage</u>, 361 F.3d at 823 (noting that federal district courts may utilize their equitable powers to grant immediate possession, upon finding a natural gas company entitled to exercise eminent domain over the landowners' property as outlined in the FERC certificate).

The Court finds each element readily satisfied in this instance. First, there is no dispute that FERC issued a certificate of public convenience and necessity to Plaintiffs, and that the scope of the certificate includes the Defendants' property. (<u>See</u> Luis Dec., Ex. A at 2 (authorizing Plaintiff to construct and operate a 9.6 mile pipeline in Gloucester County, New Jersey); Luis Dec. at ¶¶ 16-18 (certifying that defendants' properties fall within the area of plaintiff's anticipate construction).) In addition, Plaintiff's project manager, Brian Luis, certifies that Plaintiff requires the subject properties in order to complete the construction of the approved pipelines, and that efforts to acquire the properties through negotiations have been unsuccessful. (<u>See</u> Compl. at ¶ 15; Luis Dec. at ¶¶ 16-18.)

Given these circumstances, Plaintiff has demonstrated the requisite elements under 15 U.S.C. § 717f(h), and the Court finds Plaintiff entitled to exercise eminent domain over the those specified portions of the landowner Defendants' properties, under the authority of the Gas Act and the FERC

12

certificate.  The Court therefore turns to whether such right entitles Plaintiff to intermediate, equitable relief in the form of immediate possession.

### C. Preliminary Relief in the Form of Immediate Possession is Appropriate in this Action

"The test for preliminary relief is a familiar one. A party seeking a preliminary injunction must show that (1) it has a likelihood of success on the merits, (2) it will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief." Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted).  However, no one factor is determinative. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (citation omitted).  Rather, courts balance such factors, in order to determine whether an injunction should issue.  Id.

#### 1. Plaintiff Has Demonstrate a Likelihood of Success on the Merits

Because the Court finds Plaintiff entitled to exercise eminent domain under the Gas Act, this finding establishes, without more, a likelihood of success on the merits.  The first factor, accordingly, favors immediate possession.  See Columbia Gas Transmission, LLC, 768 F.3d at 314-15 (finding that plaintiff's right of eminent domain under the Gas Act demonstrates, without more, compliance with the first factor);

13

Steckman Ridge GP, LLC, 2008 WL 4346405, at *15 (finding that the plaintiff's demonstration of a right to exercise eminent domain under the Gas Act satisfied, by itself, the first factor).

### 2. Plaintiff Will Suffer Irreparable Harm in the Absence of Immediate Possession

With respect to the second factor, Plaintiff argues that it will suffer irreparable harm if not permitted immediate access to Defendants' properties, because any delay in the start of construction would purportedly jeopardize Plaintiff's ability to meets its September 1, 2015 in-service date, and to comply with the various environmental constraints imposed upon Plaintiff's construction. (Pl.'s Br. at 20-22.) Indeed, Mr. Luis certifies that any delay in construction as a result of Plaintiff's inability to access Defendants' properties could cost "as much as $157,000 per occurrence," and could result in lost revenues in the amount of $126,000 per day." (Luis Dec. at ¶¶ 22, 38.) Moreover, failure to meet the September 1, 2015 in-service date, may place Plaintiff in breach of its binding shipping agreements, and the FERC certificate.[9] (See Pl.'s Br. at 22-24;

---

[9] 18 C.F.R. § 157.20(b) requires that the actions authorized by the FERC certificate "be completed and made available for service ... within the stated time period, and that the applicant must "notify the Commission in writing no later than 10 days after expiration of this time period that the end-user shipper is unable to meet the imposed timetable to commence service.

14

Luis Dec. at ¶¶ 36-38.)  For all of these reasons, the Court finds that Plaintiff would suffer irreparable harm in the absence of an order granting Plaintiff immediate possession of the requested easements.  See Columbia Gas Transmission, LLC, 768 F.3d at 315-16 (finding irreparable harm, where delay might have caused the plaintiff the miss the in-service deadline); Tenn. Gas Pipeline Co. v. 0.018 Acres of Land in the Twp. of Vernon, Sussex Cnty., N.J., No. 10-4465, 2010 WL 3883260, at *2-*3 (D.N.J. Sept. 28, 2010) (finding that plaintiff's failure to meet the in-service contract date would result in irreparable harm).  The second factor, accordingly, favors immediate possession of the easements.

### 3. The Landowner Defendants Will Not Be Harmed by Plaintiff's Immediate Possession

With respect to the third factor, Plaintiff argues that Defendants will not be harmed by granting Plaintiff immediate possession, because the Court "could order [Plaintiff] to pay into court an amount in excess of the estimate total value of the taking."  (Pl.'s Br. at 23.)  The Court agrees.  Indeed, any harm derived from Plaintiff's immediate possession will be "slight at best," Sage, 361 F.3d at 829, and can be readily compensated for from the funds the Court will direct Plaintiff to deposit in the Court's registry.  See Columbia Gas Transmission, LLC, 768 F.3d at 316 (finding any harm to the

landowners "minimal," in light of the fact that the landowner defendants "will be justly compensated"); Steckman Ridge GP, LLC, 2008 WL 4346405, at *16 (finding any harm to defendants minimal and "readily" addressed by the bond required of the plaintiff gas company). The third factor, accordingly, favors immediate possession.

### 4. The Public Interest Favors Immediate Possession

Finally, with regard to the fourth factor, Plaintiff argues that the timely completion of the propose pipeline furthers the public interest, because the project "will help meet the current and future demand for natural gas, [will] provide access to new sources of domestic natural gas supply, and [will] support the overall reliability of the energy infrastructure." (Pl.'s Br. at 24; see also Luis Dec. at ¶ 6.) Moreover, the New Jersey Department of Environmental Protection has indicated, in the one matter in which it has appeared to date, that it has no objection to the relief sought, which also supports a finding that the public interest may be served by this injunctive relief. [Docket Item 15 in Civil No. 15-218.] The Court finds the public interest favors immediate possession. Indeed, the FERC certificate specifically found that the public benefits of Plaintiff's proposed pipeline far surpass any potential adverse consequences. (See Luis Dec., Ex. A at 5-6.) Moreover, it is logical given the anticipated capacity of the proposed pipeline,

16

that the timely completion of such pipeline may ensure an adequate supply of natural gas for the public during the 2014-2015 heating season.  See Fla. Power & Light Co. v. FERC, 598 F.2d 370, 379 (5th Cir. 1979). ("It is well established ... that the overall purpose of the Natural Gas Act is to protect the interest of customers in an adequate supply of gas at reasonable rates").  The Court therefore finds that granting immediate possession of the disputed easements advances the public interest.  See Tenn. Gas Pipeline Co., 2010 WL 3883260, at *3 (finding the public interest favored immediate possession, given FERC's determination).  The fourth factor, accordingly, favors immediate possession.

## IV.  CONCLUSION

For all of these reasons, Plaintiff's motions for preliminary injunction will be granted.  An accompanying Order will be entered, together with an Order for Condemnation providing for condemnation, positing of payment into the Registry of Court, and entry onto the premises to perform construction. No determination is made regarding the amount of just compensation to which the landowner defendants are entitled. For any matter in which the parties do not reach a negotiated agreement, a scheduling conference under Rule 16, Fed. R. Civ. P., will be convened in due course, and such matter

will be scheduled, following discovery, for its compensation hearing in accordance with Federal Rule of Civil Procedure 71.1.


**January 28, 2015**　　　　　　　　　　**s/Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge